### 37912. GORTATOWSKY *v.* COHEN.

DECIDED NOVEMBER 10, 1959.

*Jones & Lee, Sara L. Hitchcock,* for plaintiff in error.
*Ray Y. Cross,* contra.

NICHOLS, Judge. 1. The defendant in error filed in this court a motion to dismiss the writ of error because John Spencer was neither named nor served as a defendant in error in this court. This is no ground of dismissal, for should the said John Spencer, a party in the court below, be determined to be a necessary party to the appeal in this court, the act of 1957 (Ga. L. 1957, pp. 224, 228) amending Code § 6-1202, would "require that all necessary parties as shown by the record be served with a copy of the bill of exceptions, unless service thereof be acknowledged or waived. . ." Whether John Spencer was a necessary party in the trial court, as contended by the defendant, need not be decided since the plaintiff's petition, as amended, sufficiently named him as such in view of the judgment on the defendant's demurrers. The trial court overruled the defendant's demurrers on this point and no exception was taken to such judgment. Therefore, the law of the case was established that Spen-

cer was a party to the case in the trial court, and, even if he were not, such fact would not support a motion to dismiss the writ of error in this court.

2. While the plaintiff's petition as amended, and the exhibits attached thereto, constitute 23 pages of the record before this court and contain various prayers for relief, it appears that the sole issue tried was the superiority of a claim of the plaintiff to certain assets of John Spencer as opposed to the claim of the defendant to the same assets, and since the amended motion for new trial assigns error on the direction of the verdict for the defendant Mark Cohen, the real question presented for decision here is whether, under the evidence, the jury would have been authorized to find that the plaintiff's lien was superior to that of the defendant Mark Cohen. If so, the judgment of the trial court complained of would of necessity have to be reversed.

The act of 1952 (Ga. L. 1952, p. 225; Code, Ann., § 85-1806) defines accounts receivable, and is in part as follows: "Accounts receivable shall be deemed to include a right to sums due or to become due on open accounts or contracts." Under this definition of accounts receivable as declared by the General Assembly the contention of the plaintiff that John Spencer had no accounts receivable when he assigned his "accounts receivable" to the defendant is without merit, for the uncontradicted evidence adduced on the trial of the case showed that he was entitled at that time to receive some $700 under contracts for storing automobiles. The act of 1952, supra, also shows that such accounts receivable were assignable.

The assignment from Spencer to the defendant was executed as provided by Code § 67-105 (execution of mortgages), and was recorded in the office of the clerk of the superior court on September 3, 1956, it having been executed on September 1, 1956, which recordation is authorized by the act of 1952, supra (Code, Ann., § 85-1807). The plaintiff's assignment of accounts receivable was not recorded until July 26, 1957, and admittedly was not executed until some two or three days before it was recorded. Therefore, since the recordation of the defendant's assignment of accounts receivable was sufficient to put the plaintiff on notice of such prior assignment, it necessarily follows that

the judgment of the trial court directing a verdict for the defendant Mark Cohen was not error since there was no evidence that the *assignment* held by the plaintiff was superior to the *assignment* held by the defendant, and that the judgment of the trial court denying the plaintiff's amended motion for new trial must be affirmed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*